# IN THE COURT OF APPEALS OF IOWA

No. 17-1605
Filed December 19, 2018

**MICHAEL SCOTT WEISS,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Pottawattamie County, James S. Heckerman, Judge.

Michael Weiss appeals the denial of his application for postconviction relief. **AFFIRMED.**

Katherine Kaminsky Murphy of Kate Murphy Law, PLC, Glenwood, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**DANILSON, Chief Judge.**

Michael Weiss appeals the denial of his application for postconviction relief (PCR), asserting his plea counsel provided constitutionally defective representation. Weiss failed to prove counsel breached an essential duty and prejudice resulted. Therefore, we affirm the denial of his PCR application.

Weiss was charged with three counts of sexual abuse in the second degree after A.A., age eight or nine years old, told her older brother that Weiss had made her "milk" his "dick" more than once and that he had tried to get her to kiss it. She wanted Weiss to stop. Her brother did not immediately tell anyone because A.A. did not want to get in trouble. However, after some time, her brother informed their parents. The parents contacted law enforcement. On August 2, 2015, a police report includes the following:

> On August 2, 2015, I Deputy Ryan Olderog 78-56, was working patrol for the Pottawattamie County Sheriff's Office. At 1518 hours I went en route to XXX for a sexual assault call. The narrative from this call read:
> "CALLER ADV HER 9 YOA DAUGHTER IS TELLING HER THAT A MONTH AGO A EMPLOYEE THAT WORKS FOR THE FARMER THAT FARMS THE LAND AROUND THEM HAD THE DAUGHTER SIT ON HIS LAP AND STATED—SEE WHAT YOU DO TO ME—THAN HE STOOD UP WITH [H]IS PANTS UNZIPPED WITH HIS PENIS HANGING OUT SAYING TO HER DAUGHTER—COME ON YOU NEED TO MILK IT—SUSP NOT ON LOC."

A.A. was interviewed at Project Harmony by a sexual-abuse investigator, which was recorded. Weiss's trial counsel, Jennifer Solberg, was provided the State's file. Solberg took A.A.'s pre-trial deposition.

In a letter, Solberg recommended Weiss accept the State's final plea offer. Solberg informed Weiss she believed a jury would find A.A. credible and Weiss would likely be convicted. She wrote:

Each count is a [twenty-five] year prison sentence with a mandatory [seventeen and one half] to serve before you are eligible for parole. A judge may or may not run the sentences consecutive to each other. Due to the risk of loss at trial my recommendation is to accept the plea offer.

On November 12, 2015, a record was made of the plea offer:

[PROSECUTOR]: Defendant is currently charged with three class B felonies, sex abuse in the second degree. The State will amend one count to sex abuse in the third degree, a forcible class C felony, and the second count will be amended to lascivious acts with a child, soliciting a child to do a sex act, a class D felony. C is a [ten]. D is a [five]. We'd ask they be stacked, and that he go to prison for a maximum of [fifteen] years.

THE COURT: So instead of [seventy-five] with mandatory minimums, he'd be looking at [fifteen] with no—it would not be mandatory, just consecutive sentences.

[PROSECUTOR]: Yes.

THE COURT: With no mandatory minimums.

[PROSECUTOR]: No mandatory minimums.

Weiss acknowledged he understood the plea offer. The prosecutor then offered to estimate earned-time credit. The court stated:

Well, it is a sex abuse case. Not only that, it is up to how well he does in sexual offender treatment. There's a lot of variables involved in that.

I think the big issue for him is he goes from [seventy-five] with mandatory minimums to [fifteen] with no mandatory minimums. That's huge. Huge. All right. Think about that.

On November 13, 2015, Weiss entered an *Alford* plea[1] to one count of sexual abuse in the third degree and one count of lascivious acts with a child. He elected to proceed to sentencing three days later. Weiss did not file a motion in arrest of judgment. He did not appeal.

---

[1] An *Alford* plea is a variation of a guilty plea; a defendant, while maintaining innocence, acknowledges that the State has enough evidence to win a conviction, and consents to the imposition of a sentence. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

On September 19, 2016, Weiss filed a PCR application alleging "[t]here exists material facts, not previously presented or heard that required vacation of the conviction or sentence in the interest of justice."

Counsel was appointed and depositions of plea counsel and Weiss's girlfriend, Carol Gusman, were taken. At the PCR trial, although his application did not allege any specific claims, Weiss complained of various aspects of plea counsel's performance.

Weiss testified Solberg had not provided to him the minutes of testimony or the underlying police report. He stated, "According to the dates on that police report, that I wasn't even working at—for the farmer no more; and according to what [A.A.'s father] has said, I wasn't even there at the—at the farm." Weiss testified his last day working at the farm where A.A. lived was July 6, 2015.[2] He asserted he would not have pled guilty if he had seen the police report. Weiss also testified he told Solberg to give A.A.'s deposition to Gusman to read. But he stated Solberg should have informed him Gusman "shouldn't read [A.A.'s deposition] in case we went to trial." Weiss also testified Solberg misled him by stating he would not be in prison more than two years. He stated Solberg had not informed him he would be required to participate in the sex-offender-treatment class.

Gusman stated that she would have testified at Weiss's trial that A.A.'s father had a motive to lie and A.A. and her brother liked visiting Gusman and Weiss. Gusman also testified she found out that because she had read A.A.'s

---

[2] At deposition, A.A. testified she did not remember specific dates but the incidents all occurred when she was in second grade (she was in third grade at the time of the deposition) and before the Fourth of July parade, "[a] lot before the Fourth of July." Moreover, the police report notes that on August 2, 2015, a report was received by the Pottawattamie County Sheriff's office that a man's daughter had been abused by a farm hand "a month ago," a few days before Weiss left the farm.

deposition, which was given to her by Solberg, she would be disqualified from testifying at Weiss's trial.

Solberg's deposition was admitted, and she testified she would have provided Weiss with all the materials available to her, that Weiss viewed A.A.'s recorded interview at Project Harmony, and was present when A.A. was deposed. She also testified she recommended Weiss accept the State's offer because the risk of conviction was great. She informed Weiss he would be immediately eligible for parole and may have stated Weiss might get a parole hearing within two years, but she would not have told him he would be out of prison in two years.

The district court rejected Weiss's ineffectiveness claims and denied his application. Weiss appeals, claiming counsel was ineffective in (1) failing to provide him with the police report relating to the sex abuse allegations, (2) permitting an essential defense witness to spoil her testimony,[3] (3) failing to discuss the option of waiving his right to speedy trial, (4) permitting him to enter his plea even though he did not understand the proceedings, (5) failing to disclose the actual time he should expect to serve, and (6) failing to "get his side of the story."

Because an ineffectiveness claim has as its basis the Sixth Amendment, our review is de novo. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012).

To establish an ineffective-assistance-of-counsel claim, an applicant must show both that (1) counsel failed to perform an essential duty, and (2) this failure

---

[3] We would not agree the witness was "spoiled" or disqualified, but her credibility may have been somewhat undermined by reading the pretrial depositions of other witnesses. The depositions were provided to the witness by defense counsel at the request of Weiss. He asserts, "Although Michael had asked his attorney to provide the depositions to Ms. Gusman, it was his attorney's job to save Michael from himself."

resulted in prejudice. *Id.* at 495. We may affirm the district court's PCR denial if either prong is unsatisfied. *Anfinson v. State*, 758 N.W.2d 496, 499 (Iowa 2008).

In a guilty-plea case, the prejudice element "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). To satisfy the prejudice requirement, Weiss must show a reasonable probability exists that, but for counsel's faulty advice, he would not have pled guilty and would have insisted on going to trial. *See State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006).

On our de novo review, we agree with and adopt the district court's findings and conclusions:

> The record of the applicant's plea at Exhibit 1 shows that the court reviewed the plea offer, informed the applicant of the nature of his charges, as amended, the maximum and minimum punishments, his right to a jury trial, right to counsel, right against self-incrimination and right to confront and call witnesses in compliance with Iowa [Rule of Criminal Procedure] 2.8(2)(b). The court confirmed with the applicant that the minutes of testimony, along with the pre-trial depositions including the victim's deposition, established a factual basis for the applicant's plea. It's clear from this record that the applicant understood the charges and evidence against him and entered an *Alford* plea for the benefit of the bargain to avoid the consequences of a greater conviction at trial, which he admitted at his postconviction trial.
>
> The applicant's claims that he would not have accepted his plea and would have insisted on going to trial if he had he been provided a copy of the initial incident report is simply not credible and contradicted by the record.

We have considered all of Weiss's contentions and conclude Weiss has failed to prove he would have insisted on going to trial in any event. Having failed to establish the necessary prejudice, we affirm the denial of his PCR application.

**AFFIRMED.**